Bradley Benbrook
brad@benbrooklawgroup.com
State Bar No. 177786
Benbrook Law Group, PC
400 Capitol Mall
Suite 2530
Sacramento, CA 95814
(916) 447-4900 (phone)
(916) 447-4904 (fax)

Jonathan F. Mitchell *
jonathan@mitchell.law
Mitchell Law PLLC
106 East Sixth Street
Suite 900
Austin, Texas 78701
(512) 686-3940

* *pro hac vice* application pending

*Counsel for Plaintiffs and Proposed Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| **Georgia Babb**; **John J. Frangiamore Jr.**; **William Happ**; **Michelle Pecanic-Lee**; **David Schmus**; and **Abram van der Fluit**, as individuals, and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs, | Case No. _____<br><br><br><br>**Plaintiffs' Class-Action Complaint** |

v.

**California Teachers Association**; **United Teachers of Los Angeles**, as representative of the class of all chapters and affiliates of the California Teachers Association; **National Education Association**; **Edmund G. Brown**, in his official capacity of Governor of the State of California; **Xavier Becerra**, in his official capacity as Attorney General of the State of California; **Mark Gregersen**, **Eric Banks**, **Priscilla Winslow**, **Erich Shiners**, and **Arthur A. Krantz**, in their official capacities as chairman and members of the California Public Employment Relations Board; **R. Alexander Acosta**, in his official capacity as U.S. Secretary of Labor; **John F. Ring**, **Mark Gaston Pearce**, **Lauren McFerran**, **William Emanuel**, and **Marvin Kaplan**, in their official capacities as chairman and members of the National Labor Relations Board,

Defendants.

Georgia Babb, John J. Frangiamore Jr., William Happ, Michelle Pecanic-Lee, David Schmus, and Abram van der Fluit are current or former public-school teachers who bring this class action on behalf of themselves and all others similarly situated, seeking redress for the defendants' past and ongoing violations of their constitutionally protected rights. The defendants have violated the representative plaintiffs' constitutional rights by forcing them to pay compulsory "fair share service fees" to the California Teachers Association and its chapters and affiliates as a condition of their employment, even though the representative plaintiffs do not belong to this union and do not wish to subsidize the union's activities. The representative plaintiffs seek a refund of all unlawfully collected "fair share service fees," an injunction that forbids the defendants to collect union fees from nonmembers without their consent, and costs and attorneys' fees under 42 U.S.C. § 1988.

## Jurisdiction and Venue

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

2. Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

## Parties

3. Plaintiff Georgia Babb resides in Sandoval County, New Mexico.

4. Plaintiff John J. Frangiamore Jr. resides in Orange County, California.

5. Plaintiff William Happ resides in Butte County, California.

6. Plaintiff Michelle Pecanic-Lee resides in Los Angeles County, California.

7. Plaintiff David Schmus resides in Orange County, California.

8. Plaintiff Abram van der Fluit resides in Los Angeles County, California.

9. Defendant California Teachers Association (CTA) is a labor union whose offices are located at 1705 Murchison Drive, Burlingame, California 94010. It has more than 1,300 chapters and affiliates throughout the State.

10. Defendant United Teachers of Los Angeles is a local union chapter affiliated with the California Teachers Association. Its offices are located at 303 Wilshire Boulevard, 10th Floor, Los Angeles, California 90010. It is sued as representative of the class of all chapters and affiliates of the CTA.

11. Defendant National Education Association (NEA) is a labor union whose headquarters are located at 1201 16th Street NW, Washington, D.C. The NEA is affiliated with the CTA.

12. Defendant Edmund G. Brown is Governor of the State of California. His office is in Sacramento, California. Governor Brown is the representative of the State and is sued in his official capacity.

13. Defendant Xavier Becerra is the Attorney General of California. His office is in Sacramento, California. Attorney General Becerra is the chief law officer of the State and is charged with enforcing the State's laws—including Cal. Gov't Code §§ 3546 and 3546.3, which the plaintiffs are challenging as unconstitutional. Attorney General Becerra is sued in his official capacity.

14. Defendant Mark Gregersen is chair of the California Public Employment Relations Board, the entity that oversees public-sector collective bargaining in California and administers the State's labor and collective-bargaining laws, including Cal. Gov't Code §§ 3546 and 3546.3, which the defendants are challenging as unconstitutional. Defendant Gregersen is sued in his official capacity.

15. Defendants Eric Banks, Priscilla Winslow, Erich Shiners, and Arthur A. Krantz are members of the California Public Employment Relations Board. They are all sued in their official capacities.

16. Defendant R. Alexander Acosta is the U.S. Secretary of Labor. He is charged with enforcing federal labor laws, including the National Labor Relations Act, and he is sued in his official capacity.

17. Defendant John F. Ring is chairman of the National Labor Relations Board, and defendants Mark Gaston Pearce, Lauren McFerran, William Emanuel, and Marvin Kaplan are members of the National Labor Relations Board. They are charged with enforcing federal labor laws, including the National Labor Relations Act, and they are sued in their official capacity.

## Statement of the Claim

18. Ms. Babb is a public-school teacher who was employed by the Nuview School District in California from 2000 through 2006. She is currently employed by the Rio Rancho Public Schools in New Mexico. While she was teaching at Nuview, Ms. Babb refused to join the CTA or its affiliates because she disapproved of their political advocacy and collective-bargaining activities and did not wish to support them in any way. Nevertheless, Ms. Babb was forced to pay "fair share service fees" to the CTA as a condition of her continued employment. *See* Cal. Gov't Code § 3546(a).

19. Mr. Frangimore is a public-school teacher who currently works in a non-union school district, but previously worked for the Compton Unified School District (1990–96) and the Bellflower Unified School District (1996–2016), both of which were agency shops. Mr. Frangimore refused to join the CTA or its affiliates during that time because he disapproved of their political advocacy and collective-bargaining activities and did not wish to

support them in any way. Nevertheless, Mr. Frangimore was forced to pay "fair share service fees" to the CTA as a condition of his continued employment. *See* Cal. Gov't Code § 3546(a).

20. Mr. Happ is a retired public-school teacher who taught in the California public schools for 27 years. Mr. Happ refused to join the CTA or its affiliates because he disapproved of their political advocacy and collective-bargaining activities and did not wish to support them in any way. Nevertheless, Mr. Happ was forced to pay "fair share service fees" to the CTA as a condition of his continued employment. *See* Cal. Gov't Code § 3546(a).

21. Ms. Pecanic-Lee is a public-school teacher for the Hacienda La Puente Unified School District. Ms. Pecanic-Lee refuses to join the CTA or its affiliates because she disapproves of their political advocacy and collective-bargaining activities and does not wish to support them in any way. Nevertheless, Ms. Pecanic-Lee has been forced to pay "fair share service fees" to the CTA as a condition of her continued employment. *See* Cal. Gov't Code § 3546(a).

22. Mr. Schmus is a former public-school teacher who taught in the Hacienda La Puente Unified School District from 2000 through 2015. Mr. Schmus refused to join the CTA or its affiliates because he disapproved of their political advocacy and collective-bargaining activities and did not wish to support them in any way. Nevertheless, Mr. Schmus was forced to pay "fair share service fees" to the CTA as a condition of his continued employment. *See* Cal. Gov't Code § 3546(a).

23. Mr. van der Fluit is a public-school teacher in the Los Angeles School District. Mr. van der Fluit refuses to join the CTA or its affiliates because he

disapproves of their political advocacy and collective-bargaining activities and does not wish to support them in any way. Nevertheless, Mr. van der Fluit has been forced to pay "fair share service fees" to the CTA as a condition of his continued employment. *See* Cal. Gov't Code § 3546(a).

24. The compelled subsidies that the representative plaintiffs and their fellow class members must pay to the California Teachers Association and its affiliates as a condition of their employment violates their constitutional rights.

25. Although California law allows nonmembers to seek partial refunds of their compelled "fair share service fees" and allows them to insist that their contributions will be used only to support activities "germane" to collective bargaining, this does not alleviate the defendants' constitutional violations. *See* Cal. Gov't Code § 3546(a). A public-employee union's collective-bargaining activities are no less political than its lobbying and electioneering activities, as all of these actions are directed at the government and seek to influence government policy. *See Harris v. Quinn*, 134 S. Ct. 2618, 2632–33 (2014). In addition, money is fungible, so when the representative plaintiffs and their fellow class members are forced to subsidize CTA's collective-bargaining activities, they are freeing up resources for CTA to spend on political and ideological activities that they oppose. Finally, the representative plaintiffs do not wish to subsidize *any* of CTA's activities, and their compelled support of CTA's collective-bargaining activities is no less an affront to the plaintiffs as their compelled support of the CTA's political and ideological advocacy.

26. The law of California authorizes the CTA and its affiliates to extract money from non-union members as a condition of their employment. *See,*

*e.g.,* Cal. Gov't Code § 3546 (authorizing CTA to collect "fair share service fees" from nonmembers as a condition of employment) (attached to the complaint as Exhibit 1); Cal. Gov't Code § 3546.3 (authorizing CTA to compel "religious objectors" to remit money to a union-approved charity in lieu of a "fair share service fee") (attached to the complaint as Exhibit 2). Each of these statutes is unconstitutional, along with any other statute that authorizes or establishes agency shops in public employment, or that allows a public-employee union to garnish the wages of public employees without first securing the employee's affirmative, written consent.

27. The California Teachers Association and its affiliates are acting under color of state law by imposing and collecting these "fair share service fees," in accordance with the laws of the State that authorize these agency-shop arrangements. *See* Cal. Gov't Code § 3546.

28. The National Labor Relations Act also purports to authorize public-employee unions to extract money from nonmembers as a condition of their employment. *See, e.g.*, 29 U.S.C. § 169 (attached to the complaint as Exhibit 3). The National Labor Relations Act is unconstitutional to the extent it allows public-employee unions to collect "agency fees" or "fair share service fees" from nonmembers—or any type of money from any public employee—without first securing the employee's affirmative, written consent.

29. The CTA has committed the tort of conversion by appropriating money from nonunion agency-fee payers without first securing their affirmative, written consent. The CTA cannot defend its tortious conduct by relying on Cal. Gov't Code § 3546 or the National Labor Relations Act, because each of those statutes is unconstitutional to the extent it purports to

shield a public-employee union's compelled extraction of money from agency-fee payers. Unconstitutional statutes cannot confer immunity on tortious conduct.

30. The representative plaintiffs are bringing suit at this time, rather than waiting for the Supreme Court's ruling in *Janus v. American Federation of State, County, and Municipal Employees, Council 31*, No. 16-1466, to preserve the class members' ability to seek retrospective relief against the CTA for as far back as the statutes of limitations will allow. This is not a concession or acknowledgement that any statute of limitations applies, or that the representative plaintiffs or their fellow class members should have their recovery limited or curtailed by a statute of limitations.

## Class Allegations

31. The representative plaintiffs bring this class action under Fed. R. Civ. P. 23(b)(1), (b)(2), and (b)(3). The class includes all individuals who: (1) are or were employed by the State of California or by any public school or school district located in the State of California; (2) have had any "fair share service fees" deducted from the money paid to them by their employer and remitted to the CTA or its affiliates; and (3) have chosen not to become members of the CTA by refusing to sign membership cards or by choosing to become agency-fee payers. The class includes everyone who has ever fallen within this definition, including former and retired teachers or teachers who have moved to other States, and it includes anyone who comes within the class definition at any time before the conclusion of this action.

32. The number of persons in the class makes joinder of the individual class members impractical.

33. There are questions of fact and law common to all class members. Factually, all class members are public employees and union nonmembers compelled to pay "fair share service fees" to the CTA and its affiliates as a condition of employment. Legally, the U.S. Constitution and California tort law afford the same rights under the First Amendment to every member of the class.

34. The representative plaintiffs' claims are typical of other members of the class, because each member of the class has objected to CTA membership yet has been forced by state law and contract provisions to financially support the CTA and its inherently political activities.

35. The representative plaintiffs adequately represent the interests of the class, and they have no interests antagonistic to the class.

36. A class action can be maintained under Rule 23(b)(1)(A) because separate actions by class members could risk inconsistent adjudications on the underlying legal issues.

37. A class action can be maintained under Rule 23(b)(1)(B) because an adjudication determining the constitutionality of compulsory "fair share service fees" will, as a practical matter, be dispositive of the interests of all class members.

38. A class action can be maintained under Rule 23(b)(3) because the common questions of law and fact identified in the complaint predominate over any questions affecting only individual class members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, among other things, all class members are subjected to the same violation of their constitutional rights, but the amount of money

involved in each individual's claim would make it burdensome for class members to maintain separate actions.

## Causes of Action

39. The representative plaintiffs and their fellow class members are suing the CTA and its affiliates, Governor Brown, Attorney General Becerra, and the members of the Public Employment Relations Board under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, each of which supplies a cause of action for the individual and class-wide relief that they are requesting.

40. The representative plaintiffs and their fellow class members are suing Secretary Acosta and the members of the National Labor Relations Board under the Constitution and the Declaratory Judgment Act, 28 U.S.C. § 2201, each of which supplies a cause of action for the relief requested.

41. The representative plaintiffs and their fellow class members are also suing the CTA and its affiliates under the state-law tort of conversion, and they invoke the supplemental jurisdiction of this court over those state-law claims. *See* 28 U.S.C. § 1367.

## Demand for Relief

42. The representative plaintiffs respectfully request that the court:

    a. certify a class of all nonunion members who have been forced to pay agency fees or "fair share service fees" to the California Teachers Association or its affiliates as a condition of their employment;

    b. declare that the representative plaintiffs and their fellow class members have a constitutional right to decline to join or financially support a public-employee union, and that they

|   |   |   |
|---|---|---|
| 1 |  | cannot be forced to pay money to a union or a third-party entity |
| 2 |  | as a condition of their employment; |
| 3 | c. | declare that state tort law protects the right of the representative plaintiffs and their fellow class members not to have their wages garnished or redirected by the CTA or its affiliates without their affirmative written consent, and that any federal or state law or collective-bargaining agreement that purports to override these protections of state tort law by allowing the CTA to help itself to the wages and paychecks of school employees — or that compels school employees to consent the garnishment of their wages by the CTA or its affiliates as a condition of their employment — is unconstitutional and without legal effect; |
| 4 | d. | declare Cal. Gov't Code § 3546 unconstitutional because it allows public-employee unions to extract "fair-share service fees" from nonmembers as a condition of their employment, and permanently enjoin Governor Brown, Attorney General Becerra, the members of the Public Employment Relations Board, and all of their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from enforcing Cal. Gov't Code § 3546, or any other provision of state law that authorizes or enforces public-employee agency shops; |
| 5 | e. | declare Cal. Gov't Code § 3546.3 unconstitutional because it allows public-employee unions to compel nonmembers to pay money to a union-approved charity and penalizes them for |

|   |   |
|---|---|
| 1 | exercising their constitutional right not to join or financially support a public-employee union, and permanently enjoin Governor Brown, Attorney General Becerra, the members of the Public Employment Relations Board, and all of their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from enforcing Cal. Gov't Code § 3546.3, or any other provision of state law that imposes financial penalties or deterrents on those who exercise their constitutional right not to join or financially support a public-employee union; |

f. declare the National Labor Relations Act unconstitutional to the extent it allows a public-employee union to require the payment of "agency fees" or "fair-share service fees" from employees who have opted out of union membership, and permanently enjoin Secretary Acosta and the members of the National Labor Relations Board, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from enforcing the National Labor Relations Act or any other provision of federal law in manner that allows a public-employee union to collect money from nonmembers—or compel nonmembers to pay money to a third-party entity—as a condition of their employment;

g. declare the National Labor Relations Act unconstitutional to the extent it allows a public-employee union to garnish an employee's wages or deduct money from an employee's salary or paycheck without first securing the employee's affirmative,

|   |   |   |
|---|---|---|
| 1 |   | written consent, and permanently enjoin Secretary Acosta and the members of the National Labor Relations Board, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from enforcing the National Labor Relations Act or any other provision of federal law in manner that allows a public-employee union to collect money from public employees in this manner; |
| 9 | h. | declare that all collective-bargaining agreements that compel the representative plaintiffs and their fellow class members to pay "agency fees" or "fair share service fees" to the CTA or its affiliates as a condition of their employment violate the constitutional rights of the representative plaintiffs and their fellow class members; |
| 15 | i. | order the CTA and its affiliates to repay all agency fees or "fair share service fees" that were unconstitutionally or unlawfully extracted from the representative plaintiffs and their fellow class members; |
| 19 | j. | permanently enjoin the CTA and its affiliates, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from taking or redirecting any type of money from the representative plaintiffs, their fellow class members, or any other public employee as a condition of their employment and without first obtaining the employee's affirmative, written consent; |

k. permanently enjoin all of the defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from enforcing any provision of federal or California law, or any provision of a collective-bargaining agreement, that requires any payment of money as a consequence for exercising one's constitutional right not to join or financially support a public-employee union;

l. permanently enjoin all of the defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from enforcing any provision of federal or California law, or any provision of a collective-bargaining agreement, that prevents or deters employees from cancelling their membership in a public-employee union and withdrawing their financial support of a public-employee union at any time during the calendar year;

m. award costs and attorneys' fees under 42 U.S.C. § 1988;

n. grant all other relief that the Court may deem just, proper, or equitable.

|   |   |
|---|---|
|   | Respectfully submitted. |
|   | /s/ Bradley Benbrook |
| JONATHAN F. MITCHELL* | BRADLEY BENBROOK |
| Mitchell Law PLLC | State Bar No. 177786 |
| 106 East Sixth Street | Benbrook Law Group, PC |
| Suite 900 | 400 Capitol Mall |
| Austin, Texas 78701 | Suite 2530 |
| (512) 686-3940 | Sacramento, CA 95814 |
| jonathan@mitchell.law | (916) 447-4900 |
|   | brad@benbrooklawgroup.com |

Dated: June 5, 2018

*pro hac vice* application pending

*Counsel for Plaintiffs and the Proposed Class*