**State of California**

**GOVERNMENT CODE**

**Section 3546**

---

3546.  (a)  Notwithstanding any other provision of law, upon receiving notice from the exclusive representative of a public school employee who is in a unit for which an exclusive representative has been selected pursuant to this chapter, the employer shall deduct the amount of the fair share service fee authorized by this section from the wages and salary of the employee and pay that amount to the employee organization. Thereafter, the employee shall, as a condition of continued employment, be required either to join the recognized employee organization or pay the fair share service fee. The amount of the fee shall not exceed the dues that are payable by members of the employee organization, and shall cover the cost of negotiation, contract administration, and other activities of the employee organization that are germane to its functions as the exclusive bargaining representative. Agency fee payers shall have the right, pursuant to regulations adopted by the Public Employment Relations Board, to receive a rebate or fee reduction upon request, of that portion of their fee that is not devoted to the cost of negotiations, contract administration, and other activities of the employee organization that are germane to its function as the exclusive bargaining representative.

(b)  The costs covered by the fee under this section may include, but shall not necessarily be limited to, the cost of lobbying activities designed to foster collective bargaining negotiations and contract administration, or to secure for the represented employees advantages in wages, hours, and other conditions of employment in addition to those secured through meeting and negotiating with the employer.

(c)  The arrangement described in subdivision (a) shall remain in effect unless it is rescinded pursuant to subdivision (d). The employer shall remain neutral, and shall not participate in any election conducted under this section unless required to do so by the board.

(d) (1) The arrangement described in subdivision (a) may be rescinded by a majority vote of all the employees in the negotiating unit subject to that arrangement, if a request for a vote is supported by a petition containing 30 percent of the employees in the negotiating unit, the signatures are obtained in one academic year. There shall not be more than one vote taken during the term of any collective bargaining agreement in effect on or after January 1, 2001.

(2)  If the arrangement described in subdivision (a) is rescinded pursuant to paragraph (1), a majority of all employees in the negotiating unit may request that the arrangement be reinstated. That request shall be submitted to the board along with a petition containing the signatures of at least 30 percent of the employees in the negotiating unit. The vote shall be conducted at the worksite by secret ballot, and

shall be conducted no sooner than one year after the rescission of the arrangement under this subdivision.

(3)  If the board determines that the appropriate number of signatures have been collected, it shall conduct the vote to rescind or reinstate in a manner that it shall prescribe in accordance with this subdivision.

(4)  The cost of conducting an election under this subdivision to reinstate the organizational security arrangement shall be borne by the petitioning party and the cost of conducting an election to rescind the arrangement shall be borne by the board.

(e)  The recognized employee organization shall indemnify and hold the public school employer harmless against any reasonable legal fees, legal costs, and settlement or judgment liability arising from any court or administrative action relating to the school district's compliance with this section. The recognized employee organization shall have the exclusive right to determine whether any such action or proceeding shall or shall not be compromised, resisted, defended, tried, or appealed. This indemnification and hold harmless duty shall not apply to actions related to compliance with this section brought by the exclusive representative of district employees against the public school employer.

(f)  The employer of a public school employee shall provide the exclusive representative of a public employee with the home address of each member of a bargaining unit, regardless of when that employee commences employment, so that the exclusive representative can comply with the notification requirements set forth by the United States Supreme Court in Chicago Teachers Union v. Hudson (1986) 89 L.Ed. 2d 232.

(Amended by Stats. 2001, Ch. 805, Sec. 2.  Effective January 1, 2002.)