1  JONATHAN F. MITCHELL*
2  jonathan@mitchell.law
   Mitchell Law PLLC
3  106 East Sixth Street, Suite 900
4  Austin, Texas 78701
   (512) 686-3940 (phone)
5  (512) 686-3940 (fax)
6
7  * admitted *pro hac vice*
8  BRADLEY BENBROOK
9  brad@benbrooklawgroup.com
   California Bar No. 177786
10 Benbrook Law Group, PC
11 400 Capitol Mall, Suite 2530
   Sacramento, CA 95814
12 (916) 447-4900 (phone)
13 (916) 447-4904 (fax)
14
   *Counsel for Plaintiffs and Proposed Class*
15

16         UNITED STATES DISTRICT COURT
17         CENTRAL DISTRICT OF CALIFORNIA
                SOUTHERN DIVISION
18
19
20 **Georgia Babb**; **John J. Frangiamore**    Case No. 8:18-cv-00994-JLS-DFM
   **Jr.**; **William Happ**; **Aaron**
21 **Holbrook**, **Michelle Pecanic-Lee**;
22 **David Schmus**; and **Abram van der**
   **Fluit**, as individuals, and on behalf of    **Plaintiffs' Second Amended**
23 all others similarly situated,                 **Class-Action Complaint**
24                Plaintiffs,
25
26

1  v.

2  

3  **California Teachers Association**;
   **United Teachers of Los Angeles**, as
4  representative of the class of all
   chapters and affiliates of the
5  California Teachers Association;
6  **National Education Association**;
   **Eric Banks**, **Priscilla Winslow**,
7  **Erich Shiners**, and **Arthur A.
   Krantz**, in their official capacities as
8  chairman and members of the
   California Public Employment
9  Relations Board,
10  
11                    Defendants.
12

Georgia Babb, John J. Frangiamore Jr., William Happ, Aaron Holbrook, Michelle Pecanic-Lee, David Schmus, and Abram van der Fluit are current or former public-school teachers who bring this class action on behalf of themselves and all others similarly situated, seeking redress for the defendants' past and ongoing violations of their constitutionally protected rights. The defendants have violated the representative plaintiffs' constitutional rights by forcing them to pay compulsory "fair share service fees" to the California Teachers Association and its chapters and affiliates as a condition of their employment, even though the representative plaintiffs do not belong to this union and do not wish to subsidize the union's activities. The representative plaintiffs seek a refund of all unlawfully collected "fair share service fees," an injunction that forbids the defendants to collect union fees from nonmembers without their consent, and costs and attorneys' fees under 42 U.S.C. § 1988.

## Jurisdiction and Venue

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

2. Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b)(2).

## Parties

3. Plaintiff Georgia Babb resides in Sandoval County, New Mexico.

4. Plaintiff John J. Frangiamore Jr. resides in Orange County, California.

5. Plaintiff William Happ resides in Butte County, California.

6. Plaintiff Aaron Holbrook resides in Riverside County, California.

7. Plaintiff Michelle Pecanic-Lee resides in Los Angeles County, California.

8. Plaintiff David Schmus resides in Orange County, California.

9. Plaintiff Abram van der Fluit resides in Los Angeles County, California.

10. Defendant California Teachers Association (CTA) is a labor union whose offices are located at 1705 Murchison Drive, Burlingame, California 94010. It has more than 1,300 chapters and affiliates throughout the State.

11. Defendant United Teachers of Los Angeles is a local union chapter affiliated with the California Teachers Association. Its offices are located at 303 Wilshire Boulevard, 10th Floor, Los Angeles, California 90010. It is sued as representative of the class of all chapters and affiliates of the CTA.

12. Defendant National Education Association (NEA) is a labor union whose headquarters are located at 1201 16th Street NW, Washington, D.C. The NEA is affiliated with the CTA.

13. Defendants Eric Banks, Priscilla Winslow, Erich Shiners, and Arthur A. Krantz are members of the California Public Employment Relations Board, the entity that oversees public-sector collective bargaining in California and administers the State's labor and collective-bargaining laws, including Cal. Gov't Code § 3546, which the defendants are challenging as unconstitutional. They are all sued in their official capacities.

## Statement of the Claim

14. Ms. Babb is a public-school teacher who was employed by the Nuview School District in California from 2000 through 2006. She is currently employed by the Rio Rancho Public Schools in New Mexico. While she was teaching at Nuview, Ms. Babb refused to join the CTA or its affiliates because she disapproved of their political advocacy and collective-bargaining activities and did not wish to support them in any way. Nevertheless, Ms.

Babb was forced to pay "fair share service fees" to the CTA as a condition of her continued employment. *See* Cal. Gov't Code § 3546(a).

15. Mr. Frangimore is a public-school teacher who currently works in a non-union school district, but previously worked for the Compton Unified School District (1990–96) and the Bellflower Unified School District (1996–2016), both of which were agency shops. Mr. Frangimore refused to join the CTA or its affiliates during that time because he disapproved of their political advocacy and collective-bargaining activities and did not wish to support them in any way. Nevertheless, Mr. Frangimore was forced to pay "fair share service fees" to the CTA as a condition of his continued employment. *See* Cal. Gov't Code § 3546(a).

16. Mr. Happ is a retired public-school teacher who taught in the California public schools for 27 years. Mr. Happ refused to join the CTA or its affiliates because he disapproved of their political advocacy and collective-bargaining activities and did not wish to support them in any way. Nevertheless, Mr. Happ was forced to pay "fair share service fees" to the CTA as a condition of his continued employment. *See* Cal. Gov't Code § 3546(a).

17. Mr. Holbrook is a public-school teacher who taught in the San Jacinto Unified School District until June of 2017. He now teaches in a non-union charter school. Mr. Holbrook refused to join the CTA or its affiliates because he disapproved of their political advocacy and collective-bargaining activities and did not wish to support them in any way. Nevertheless, Mr. Holbrook was forced to pay "fair share service fees" to the CTA as a condition of his continued employment. *See* Cal. Gov't Code § 3546(a).

18. Ms. Pecanic-Lee is a public-school teacher for the Hacienda La Puente Unified School District. Ms. Pecanic-Lee refuses to join the CTA or

its affiliates because she disapproves of their political advocacy and collective-bargaining activities and does not wish to support them in any way. Nevertheless, Ms. Pecanic-Lee was forced to pay "fair share service fees" to the CTA as a condition of her continued employment. *See* Cal. Gov't Code § 3546(a).

19. Mr. Schmus is a former public-school teacher who taught in the Hacienda La Puente Unified School District from 2000 through 2015. Mr. Schmus refused to join the CTA or its affiliates because he disapproved of their political advocacy and collective-bargaining activities and did not wish to support them in any way. Nevertheless, Mr. Schmus was forced to pay "fair share service fees" to the CTA as a condition of his continued employment. *See* Cal. Gov't Code § 3546(a).

20. Mr. van der Fluit is a public-school teacher in the Los Angeles School District. Mr. van der Fluit refuses to join the CTA or its affiliates because he disapproves of their political advocacy and collective-bargaining activities and does not wish to support them in any way. Nevertheless, Mr. van der Fluit was forced to pay "fair share service fees" to the CTA as a condition of his continued employment. *See* Cal. Gov't Code § 3546(a).

21. The compelled subsidies that the representative plaintiffs and their fellow class members were forced to pay to the California Teachers Association and its affiliates as a condition of their employment violates their constitutional rights. *See Janus v. Am. Fed'n of State, Cty., & Mun. Employees, Council 31*, 138 S. Ct. 2448 (2018).

22. The law of California authorizes the CTA and its affiliates to extract money from non-union members as a condition of their employment. *See, e.g.,* Cal. Gov't Code § 3546 (authorizing CTA to collect "fair share service

fees" from nonmembers as a condition of employment) (attached to the complaint as Exhibit 1); Cal. Gov't Code § 3546.3 (authorizing CTA to compel "religious objectors" to remit money to a union-approved charity in lieu of a "fair share service fee") (attached to the complaint as Exhibit 2). Each of these statutes is unconstitutional, along with any other statute that authorizes or establishes agency shops in public employment, or that allows a public-employee union to garnish the wages of public employees without first securing the employee's affirmative, written, and freely given consent.

23. The California Teachers Association and its affiliates are acting under color of state law by imposing and collecting these "fair share service fees," in accordance with the laws of the State that authorize these agency-shop arrangements. *See* Cal. Gov't Code § 3546.

24. The CTA and its affiliates have committed the torts of conversion and trespass to chattels by appropriating money from nonunion agency-fee payers without securing their affirmative, written, and freely given consent, and they are liable in an action for tort, replevin, unjust enrichment, and restitution. The CTA cannot defend its tortious conduct by relying on Cal. Gov't Code § 3546, because that statute is unconstitutional to the extent it purports to shield a public-employee union's compelled extraction of money from agency-fee payers. Unconstitutional statutes cannot confer immunity on tortious conduct.

## Class Allegations

25. The representative plaintiffs bring this class action under Fed. R. Civ. P. 23(b)(1), (b)(2), and (b)(3). The class includes all individuals who: (1) are or were employed by the State of California or by any public school or school district located in the State of California; (2) are or were nonmembers of

CTA who were compelled by CTA and its affiliates to pay "agency fees" or "fair share service fees"—regardless of whether those fees were remitted to the union, its affiliates, or a third-party organization. The class includes everyone who has ever fallen within this definition, including former and retired teachers or teachers who have moved to other States, and it includes anyone who comes within the class definition at any time before the conclusion of this action.

26. The number of persons in the class makes joinder of the individual class members impractical.

27. There are questions of fact and law common to all class members. Factually, all class members are public employees and union nonmembers compelled to pay "fair share service fees" to the CTA and its affiliates as a condition of employment. Legally, the U.S. Constitution and California tort law afford the same rights to every member of the class.

28. The representative plaintiffs' claims are typical of other members of the class, because each member of the class has objected to CTA membership yet has been forced by state law and contract provisions to financially support the CTA and its inherently political activities.

29. The representative plaintiffs adequately represent the interests of the class, and they have no interests antagonistic to the class.

30. A class action can be maintained under Rule 23(b)(1)(A) because separate actions by class members could risk inconsistent adjudications on the underlying legal issues.

31. A class action can be maintained under Rule 23(b)(1)(B) because an adjudication determining the constitutionality of compulsory "fair share ser-

vice fees" will, as a practical matter, be dispositive of the interests of all class members.

32. A class action can be maintained under Rule 23(b)(3) because the common questions of law and fact identified in the complaint predominate over any questions affecting only individual class members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, among other things, all class members are subjected to the same violation of their constitutional rights, but the amount of money involved in each individual's claim would make it burdensome for class members to maintain separate actions.

## Causes of Action

33. The representative plaintiffs and their fellow class members are suing the CTA and its affiliates, and the members of the Public Employment Relations Board under 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, each of which supplies a cause of action for the individual and class-wide relief that they are requesting.

34. The representative plaintiffs and their fellow class members are also suing the CTA and its affiliates under the state-law actions of conversion, trespass to chattels, replevin, unjust enrichment, restitution, and any other legal or equitable cause of action that offers relief for this unlawful seizure of her personal property. The representative plaintiffs invoke the supplemental jurisdiction of this court over those state-law claims. *See* 28 U.S.C. § 1367.

## Demand for Relief

35. The representative plaintiffs respectfully request that the court:
    a.    certify a plaintiff class of all nonunion members who have been forced to pay agency fees or "fair share service fees" to the Cal-

|   |   |   |
|---|---|---|
| 1 |   | ifornia Teachers Association or its affiliates or a union-approved |
| 2 |   | third-party organization as a condition of their employment; |
| 3 | b. | certify a defendant class of all chapters and affiliates of the Cali- |
| 4 |   | fornia Teachers Association; |
| 5 | c. | declare that the representative plaintiffs and their fellow class |
| 6 |   | members have a constitutional right to decline to join or finan- |
| 7 |   | cially support a public-employee union, and that they cannot be |
| 8 |   | forced to pay money to a union or a union-approved third-party |
| 9 |   | entity as a condition of their employment; |
| 10 | d. | declare that state tort law protects the right of the representa- |
| 11 |   | tive plaintiffs and their fellow class members not to have their |
| 12 |   | wages garnished or redirected by the CTA or its affiliates with- |
| 13 |   | out their affirmative, written, and freely given consent, and that |
| 14 |   | any federal or state law or collective-bargaining agreement that |
| 15 |   | purports to override these protections of state tort law by allow- |
| 16 |   | ing the CTA to help itself to the wages and paychecks of school |
| 17 |   | employees—or that compels school employees to consent the |
| 18 |   | garnishment of their wages by the CTA or its affiliates as a con- |
| 19 |   | dition of their employment—is unconstitutional and without le- |
| 20 |   | gal effect; |
| 21 | e. | declare Cal. Gov't Code § 3546 unconstitutional because it al- |
| 22 |   | lows public-employee unions to extract "fair-share service |
| 23 |   | fees" from nonmembers as a condition of their employment, |
| 24 |   | and permanently enjoin the members of the Public Employment |
| 25 |   | Relations Board, and all of their officers, agents, servants, em- |
| 26 |   | ployees, attorneys, and any other person or entity in active con- |

        cert or participation with them, from enforcing Cal. Gov't Code § 3546, or any other provision of state law that authorizes or enforces public-employee agency shops;

  f.  declare that all collective-bargaining agreements that compel the representative plaintiffs and their fellow class members to pay "agency fees" or "fair share service fees" to the CTA or its affiliates as a condition of their employment violate the constitutional rights of the representative plaintiffs and their fellow class members;

  g.  order the CTA and its affiliates, including the NEA, to refund all agency fees or "fair share service fees" that were unconstitutionally or unlawfully extracted from the representative plaintiffs and their fellow class members;

  h.  permanently enjoin the CTA and its affiliates, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from taking or redirecting any type of money from the representative plaintiffs, their fellow class members, or any other public employee without first obtaining the employee's affirmative, written, and freely given consent;

  i.  permanently enjoin all of the defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from enforcing any provision of California law, or any provision of a collective-bargaining agreement, that requires any payment of

money as a consequence for exercising one's constitutional right not to join or financially support a public-employee union;

j.  award costs and attorneys' fees under 42 U.S.C. § 1988;

k.  grant all other relief that the Court may deem just, proper, or equitable.

Respectfully submitted.

/s/ Bradley Benbrook

| | |
|---|---|
| Jonathan F. Mitchell* | Bradley Benbrook |
| Texas Bar No. 24075463 | California Bar No. 177786 |
| Mitchell Law PLLC | Benbrook Law Group, PC |
| 106 East Sixth Street, Suite 900 | 400 Capitol Mall, Suite 2530 |
| Austin, Texas 78701 | Sacramento, California 95814 |
| (512) 686-3940 (phone) | (916) 447-4900 (phone) |
| (512) 686-3940 (fax) | (916) 447-4904 (fax) |
| jonathan@mitchell.law | brad@benbrooklawgroup.com |

Dated: September 4, 2018

*Counsel for Plaintiffs and the Proposed Class*

* admitted *pro hac vice*

# Certificate of Service

I certify that on September 4, 2018, I served this document by CM/ECF upon:

Scott A. Kronland
Jeffrey B. Demain
Rebecca C. Lee
Altshuler Berzon LLP
177 Post Street Suite 300
San Francisco, CA 94108
415-421-7151 (phone)
415-362-8064 (fax)
skronland@altber.com
jdemain@altber.com
rlee@altshulerberzon.com

*Counsel for the Union Defendants*

Peter H. Chang
Office of the Attorney General
California Department of Justice
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-7004
(415) 510-3776 (phone)
(415) 703-1234  (fax)
peter.chang@doj.ca.gov

*Counsel for the State Defendants*

                                             /s/ Bradley Benbrook
                                             Bradley Benbrook
                                             *Counsel for Plaintiffs and Proposed Class*